JOHN T. STAGG, executor, &c., appellant, vs. JAMES JACKSON and MARY E., his wife, respondents—*Decree affirmed with costs to be paid by the appellant personally.* H. E. DAVIES for appellant; L. B. WOODRUFF for respondents.

This was a case of a will of real and personal estate, devised to executors in trust to sell, lease and pay over the rents, &c.; *held*, that the executors could be compelled to account before the surrogate for the rents and profits, of the real as well as for the personal estate. (Reported, 1 Comstock, 206.)

C. FLINT SPEAR and GEORGE B. RIPLEY, appellants, vs. CHARLES WARDELL and others, respondents.—*Decree of the Chancellor reversed, and decree declaring that Henry B. Wardell holds the assigned property as trustee for the complainants to the extent of their debt, and that he pay the same, together with their costs in the Court of Chancery out of the funds in his hands.* S. P. NASH for appellants; J. S. BOSWORTH for respondents.

In this case it was held that a *voluntary* assignment by a debtor, of all his property for the benefit of his creditors generally, while proceedings were pending against him by a judgment creditor under the *statute of* 1831, (non-imprisonment act,) was a fraud upon the rights of the prosecuting creditor. The assignment was for the benefit of the prosecuting creditor—not of the creditors generally. (Reported, 1 Comstock, 144.)